UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------X
CHRISTINE SPAHR,

                       Plaintiff,

      - against -

AMERICAN DENTAL CENTERS,

                       Defendant.
----------------------------------X

**MEMORANDUM & ORDER**
03 Civ. 4954 (DRH) (ARL)

**APPEARANCES :**

**ZABELL & ASSOCIATES, P.C.**
Attorney for Plaintiff
4875 Sunrise Highway, Suite 300
Bohemia, NY 11716
By: Saul D. Zabell, Esq.

**NIXON PEABODY LLP**
Attorneys for Defendant
990 Stewart Avenue
Garden City, NY 11530
By: Joseph John Ortego, Esq, & James P. O'Brien, Esq.

**HURLEY, District Judge:**

      Plaintiff Christine Spahr ("Plaintiff" or "Ms. Spahr") brings the present action against Defendant American Dental Centers ("Defendant") for violations of the Age Discrimination in Employment Act ("ADEA"), 29 U.S.C. § 621 and the New York State Human Rights Law ("NYSHRL") § 296 claiming she was discriminated against on the basis of her age. Defendant now moves for summary judgment as to each of Plaintiff's claims. For the reasons set forth herein, Defendant's motion for summary judgment is GRANTED.

## BACKGROUND

The following summary of facts is drawn from the parties' Local 56.1 statement, and the evidence submitted. The facts are undisputed unless otherwise noted.

Plaintiff is a resident of Farmingdale, New York. Defendant is a New York Corporation that provides dental care services to patients at eleven locations in the New York metropolitan area.

Plaintiff was born in 1950. She began working for Defendant in 1998 as a Dental Assistant at the Commack office, when she was 48 years of age. In October 1999, she was promoted to Office Manager by Linda Lane. Mrs. Lane is the wife of Dr. Jules Lane, the owner of Defendant.

There appear to have been no significant complaints about Plaintiff's job performance from the time she assumed the position of Office Manager until about August 2002. Plaintiff was ill from July 6 to July 22, 2002, then was on vacation from July 22 to August 7, 2002. Shortly after her return to work, on August 12, 2002, two office staff employees in the Commack office called in sick and did not report for work. As a result of the absences, Plaintiff disconnected two of the four office telephone lines, and the disconnections made it difficult for not only customers, but also the office staff to contact the office. (*See* Spahr Dep. at 171.) When Dr. Helerstein, one of the dentists that worked at the Commack office, finally got through on the office line, he advised Plaintiff that she had no authority to take the telephones off the hook. Plaintiff replied, "Maybe you should fire me." Dr. Helerstein obliged her and recommended to his colleagues that plaintiff be dismissed for "insubordination and dereliction of duty." (Lane Aff. at Ex. A.) The following day, Dr. Helerstein informed Plaintiff that her employment had been terminated. She was 52 at the time. Plaintiff was ultimately replaced as Office manager by Luanna Mossien, who was 47 years-old at the time she was hired.

Plaintiff commenced the present suit on August 29, 2003 alleging age discrimination as a motivating factor behind her termination in contravention of federal and state law. Defendant now moves for summary judgment.

*STANDARD*

Summary judgment is generally appropriate where the "pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." *Viola v. Philips Med. Sys. of N. Am.*, 42 F.3d 712, 716 (2d Cir. 1994) (quoting Fed. R. Civ. P. 56(c)). The party seeking summary judgment "bears the initial responsibility of informing the district court of the basis for its motion," and identifying those materials "it believes demonstrate the absence of a genuine issue of material fact." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986).

Once the moving party has offered some evidence that no genuine issue of material fact remains to be tried, the burden shifts to the non-moving party to provide similar evidence indicating that a genuine, triable issue remains. *Anderson*, 477 U.S. at 250; Fed. R. Civ. P. 56(e). Affidavits submitted in opposition to summary judgment must be based on personal knowledge, must "set forth such facts as would be admissible in evidence," and must show that the affiant is "competent to testify to the matters stated therein." *Patterson v. County of Oneida, N.Y.*, 375 F.3d 206, 219 (2d Cir. 2004) (citing Fed. R. Civ. P. 56(e)). When determining whether a genuinely disputed factual issue exists, "a trial judge must bear in mind the actual quantum and quality of proof necessary to support liability," or "the substantive evidentiary standards that apply to the case." *Anderson*, 477 U.S. at 254-55.

In deciding a summary judgment motion, a court must resolve all factual ambiguities and draw all reasonable inferences in favor of the non-moving party. *Donahue v. Windsor Locks Bd. of Fire Comm'rs*, 834 F.2d 54, 57 (2d Cir. 1987). Nevertheless, it is well-established that a non-movant cannot defeat summary judgment with nothing more than "unsupported assertions," *Goenaga v. March of Dimes Birth Defects Found.*, 51 F.3d 14, 18 (2d Cir. 1995), or the allegations in its pleadings. *Cifarelli v. Vill. of Babylon*, 93 F.3d 47, 51 (2d Cir. 1996); Fed. R. Civ. P. 56(e). More particularly, although "summary judgment should be used sparingly" in cases where the material fact at issue is the defendant's intent or motivation, the plaintiff must nevertheless offer some "concrete evidence" in his favor, and is "not entitled to a trial simply because the determinative issue focuses upon the defendant's state of mind." *Dister v. Cont'l Group, Inc.*, 859 F.2d 1108, 1114 (2d Cir. 1998). "The summary judgment rule would be rendered sterile . . . if the mere incantation of intent or state of mind would operate as a talisman to defeat an otherwise valid motion." *Meiri v. Dacon*, 759 F.2d 989, 998 (2d Cir. 1985).

## *DISCUSSION*

Plaintiff has brought NYSHRL and ADEA claims against Defendant. The NYSHRL claim is analyzed according to the same rubric as her ADEA claim. *See Tyler v. Bethlehem Steel Corp.*, 958 F.2d 1176, 1180 (2d Cir. 1992) ("New York courts have consistently looked to federal caselaw in expounding the Human Rights Law.").

The ADEA provides that it is unlawful for an employer "to fail or refuse to hire or to discharge any individual or otherwise discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's age[ ]". 29 U.S.C. § 623(a)(1). This protection extends to employees who are at least 40 years old. 29 U.S.C.

§ 631(a). Plaintiff contends that Defendant discriminated against her on the basis of her age when her employment was terminated.

Because Plaintiff presents no direct evidence of discriminatory treatment based on age, the Court analyzes her ADEA claim under the three-step, burden-shifting framework established by the Supreme Court in *McDonnell Douglas Corp. v. Green*, 411 U.S. 792 (1973). *See Roge v. NYP Holdings, Inc.*, 257 F.3d 164, 168 (2d Cir. 2001) (applying McDonnell Douglas analysis to ADEA claim). Under this framework, a plaintiff bears the initial burden to establish a prima facie case of age discrimination by showing that "(i) at the relevant time the plaintiff was a member of the protected class; (ii) the plaintiff was qualified for the job; (iii) the plaintiff suffered an adverse employment action; and (iv) the adverse employment action occurred under circumstances giving rise to an inference of discrimination, such as the fact that the plaintiff was replaced by someone 'substantially younger.'" *Id.* (quoting *O'Connor v. Consol. Coin Caterers Corp.*, 517 U.S. 308, 313 (1996)). Plaintiff's prima facie burden is "minimal" and " de minimis." *Zimmermann v. Assocs. First Capital Corp.*, 251 F.3d 376, 381 (2d Cir.2001).

A plaintiff's establishment of a prima facie case gives rise to a presumption of unlawful discrimination, *see Roge v. NYP Holdings, Inc.*, 257 F.3d at 168, that shifts the burden of production to the defendant, who must proffer a "legitimate, nondiscriminatory reason" for the challenged employment action, *Slattery v. Swiss Reinsurance Am. Corp.*, 248 F.3d 87, 91 (2d Cir. 2001). If the defendant articulates such a reason, "the presumption of discrimination drops out," *Roge v. NYP Holdings, Inc.*, 257 F.3d at 168, and the plaintiff must "prove 'that the legitimate reasons offered by the defendant were not its true reasons, but were a pretext for discrimination,'" *id*. (quoting *Reeves v. Sanderson Plumbing Prods., Inc.*, 530 U.S. 133, 143 (2000)). In short, the ultimate burden rests

with the plaintiff to offer evidence "sufficient to support a reasonable inference that prohibited [age] discrimination occurred." *James v. N.Y. Racing Ass'n*, 233 F.3d 149, 156 (2d Cir. 2000); *see also Schnabel v. Abramson*, 232 F.3d 83, 90 (2d Cir. 2000) (holding that court must "examin[e] the entire record to determine whether the plaintiff could satisfy his 'ultimate burden of persuading the trier of fact that the defendant intentionally discriminated against the plaintiff'") (quoting *Reeves*, 530 U.S. at 143)).

As stated, Plaintiff bears the initial burden to establish a prima facie case of age discrimination by showing that "(i) at the relevant time the plaintiff was a member of the protected class; (ii) the plaintiff was qualified for the job; (iii) the plaintiff suffered an adverse employment action; and (iv) the adverse employment action occurred under circumstances giving rise to an inference of discrimination, such as the fact that the plaintiff was replaced by someone 'substantially younger.'" *Roge*, 257 F.3d at 168. There is no dispute that she was a member of the protected class, that she was qualified for the job, or that she suffered an adverse employment action. Rather, the only question as to Plaintiff's prima facie case is whether the circumstances of her termination give rise to an inference of discrimination. (*See* Def.'s Summ. J. Mem. at 10 ("Even assuming, for the purposes of this motion, that Ms. Spahr can satisfy the first three elements of her prima facie case, there is absolutely no evidence to establish the fourth element . . . .").)

In her attempt to allege circumstances giving rise to an inference of discrimination, Plaintiff relies principally upon a conversation with Mrs. Lane on the day *after* her termination. According to Plaintiff, "She told me that I probably wasn't happy in my job, I wasn't performing properly . . . . She told me I was probably tired, but she told me I was a lovely lady." (Spahr Dep. at 203.) Plaintiff relies upon a number of cases to support her position that this statement raises an inference

of discrimination, but in each of those cases the comments about the plaintiff's age were clearly age-related and unambiguously derogatory. *See Rivera-Rodriguez v. Frito Lay Snacks Caribbean*, 265 F.3d 15, 25 (1st Cir. 2001) (finding a prima facie case where comments included "gray hair must mean that an employee is over the age of 60"); *see also Reeves v. Sanderson Plumbing, Inc.*, 197 F.3d 688, 691 (5th Cir. 1999) (basing its decision largely upon two isolated comments: (1) "Reeves was so old he must have come over on the Mayflower"; and (2) "Reeves is too damn old to do the job").

Instead, the facts of the present case better comport with *Siano v. Haber*, 40 F. Supp. 2d 516, 524 (S.D.N.Y. 1999). In *Siano*, the plaintiff alleged age discrimination based upon a supervisor's question, "Is she tired yet?" The court concluded that while the comment was derogatory, it could not be fairly characterized as "discriminatory." *Id.* In the present case, the statement made by Mrs. Lane does not even rise to the level of "derogatory"; it is best described as "sympathetic." In fact, in a January 31, 2003, letter to the EEOC, Plaintiff's attorney clarified the context in which the statement attributed to Mrs. Lane was made, stating that Plaintiff was "probably very tired, tired from being ill for two weeks and on vacation for two weeks." (Ortego Dec. at Ex. G.) Consequently, even Plaintiff's portrayal of the comment, fails to demonstrate that a reasonable trier of fact could condlude that it was motivated by age-related animus rather than genuine concern.

Plaintiff's contention that Dr. Raven repeatedly inquired into her retirement plans similarly fails to raise an inference of age discrimination. Plaintiff contends that these comments "are of particular importance because Plaintiff was in the protected class and these comments were specifically directed to her by decision makers." (Pl.'s Opp'n Mem. at 9.) The context of these comments, however, bely her contention. As Defendant points out, Ms. Spahr testified that

"everyone on [her] staff pretty much knew that [she would] mov[e] to Tennessee when her husband finally got a retirement." (Spahr Dep. at 27.) Everyone also "pretty much" knew that his expected retirement date was "2003." (*Id.* at 22.) It was in this context that Dr. Raven spoke to her about her retirement plans. Given the circumstances, with Plaintiff repeatedly raising the topic of retirement, letting everyone in the office know that she planned to leave the office in 2003, it is natural, and hardly creates an inference of discrimination, for Dr. Raven to inquire about her future plans.

Finally, Plaintiff's assertion in her complaint that she was replaced by a 19 year-old woman is without any support from the record. Plaintiff admits that she merely assumed that she had been replaced by a 19 year-old woman, and does not dispute the testimony of Mrs. Lane that Plaintiff was in fact replaced by a 47 year-old woman. (*See* Lane Aff. ¶ 44.) Thus, there was only a five year age difference between Plaintiff and her replacement. The five-year age difference between Plaintiff and her replacement does not, by itself, create an inference of age-discrimination because Plaintiff's replacement was not "substantially younger." *See Woodman v. WWOR-TV, Inc.*, 411 F.3d 69, 78 (2d Cir. 2005); *see also Grosjean v. First Energy Corp.*, 349 F.3d 332 (6th Cir. 2003) (listing exhaustively the current case law and concluding that the "overwhelming body of cases in most circuits has held that age differences of less than ten years are not significant enough to make out the fourth part of the age discrimination prima facie case"); *Williams v. Raytheon Co.*, 220 F.3d 16, 20 (1st Cir. 2000); *Hoffmann v. PRIMEDIA Special Interest Publs.*, 217 F.3d 522, 525 (7th Cir. 2000) (holding 3-year age difference between discharged 42-year-old employee and 39-year-old replacement "fails the fourth requirement of a McDonnell Douglas showing under the ADEA"); *Bush v. Dictaphone Corp.*, 161 F.3d 363, 368 (6th Cir. 1998) (holding that a five-year age difference

is not "substantially younger"); *Schiltz v. Burlington N. R.R.*, 115 F.3d 1407, 1413 (8th Cir. 1997) (same).

Any possible inference that could be drawn from the age difference between Plaintiff and her replacement is eviscerated, however by the immediate circumstances of Plaintiff's termination. Plaintiff asserts a "deni[al of] all of Defendant's proffered reasons for her termination." (Pl.'s Opp'n Mem. at 14.) That is not entirely true. Defendant contends that the day she was terminated she had disconnected two office phone lines despite having been explicitly told never to do so. (*See* Def.'s Summ. J. Mem. at 4.) At deposition, Plaintiff admitted these actions, admitted that she knew that it was contrary to the office policy, and admitted that when she was confronted with her insubordination she said, "Maybe you should fire me." (Spahr Dep. at 175.) Thus, Plaintiff has not only failed to submit a scintilla of evidence that would create an inference of age discrimination, but she also admitted to the very acts of insubordination and dereliction of duty that resulted in her termination.

## *CONCLUSION*

Because there is no evidence to create an inference of discrimination, Plaintiff has failed to establish a prima facie case of age discrimination. In accordance with the foregoing, the Court GRANTS Defendant's motion for summary judgment in its entirety. The Clerk of the Court is directed to CLOSE this case.

**SO ORDERED.**

Dated: Central Islip, N.Y.  /s/
      March 14, 2006  Denis R. Hurley
                                   United States District Judge